WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Neubrand, co-personal representative of Estate of William H. Andreson; Dolores Neubrand, co-personal representative of Estate of William H. Andreson,<br><br>      Plaintiffs,<br><br>v.<br><br>Andreson Lands Limited LP, a Kansas limited partnership; Joseph A. Hambright, husband; Jane Doe Hambright, wife; Wilbur Andreson, Dr./husband; and Jane Doe Andreson, wife,<br><br>      Defendants. | No. CV-13-01338-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion to Remand to State Probate Court. (Doc. 8.) For the following reasons, the Motion is granted.

## BACKGROUND

This matter arises out of a partnership interest in Defendant Andreson Lands Limited, LP ("Andreson Lands"). Through his estate, representatives of decedent William H. Andreson attempted to convey his partnership interest in Andreson Lands to a trust. (Doc. 1-1 at 5.) That attempted transfer triggered a right of first refusal by the other Andreson Lands partners, Defendants Joseph A. Hambright and Wilbur Andreson. (*Id.* at 4–5.) They attempted to exercise their right to purchase the partnership interest, but Plaintiffs allege that the attempt was untimely and the offered payment was inadequate. (*Id.* at 4–6.)

William H. Andreson was a resident of Arizona and his probate proceedings are pending in Arizona. (Doc. 1 at 3.) Plaintiffs William and Dolores Neubrand are residents of Texas but appear in this matter as co-personal representatives of the Estate of William H. Andreson. (*Id.*) Defendants Joseph A. Hambright and Wilbur Andreson are residents of Colorado and Oregon respectively. (*Id.*) Defendant Andreson Lands is a Kansas limited partnership. (*Id.*)

On May 31, 2013, Plaintiffs William and Dolores Neubrand filed a Petition for Declaratory Judgment in Pinal County Superior Court. (Doc. 1-1.) On July 3, 2013, Defendants filed a Notice of Removal to this Court. (Doc. 1.) Plaintiffs now bring this Motion to Remand, arguing that diversity jurisdiction in this Court is not proper because *inter alia* there is not complete diversity between the parties nor has the amount in controversy been shown to exceed $75,000. (Doc. 8.)

## DISCUSSION

**I.   Remand**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A party may remove an action from state court only if the action could have been brought in the district court originally. *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993). The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

The party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removal statute is strictly construed against removal jurisdiction. *Id.* (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)). There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if

there is any doubt as to the right of removal in the first instance." *Id.*

For purposes of diversity jurisdiction, Plaintiffs William and Delores Neubrand are citizens of Arizona. 28 U.S.C. § 1332(c)(2) provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." The Neubrands are the legal representatives of William H. Andreson, and he was a citizen of Arizona at the time of his death. Neither side disputes that both Plaintiffs are only citizens of Arizona for purposes of diversity of citizenship.

Defendant Andreson Lands is also a citizen of Arizona for diversity-jurisdiction purposes, and that is also not in dispute. Unincorporated associations or entities are citizens of each of the states in which their constituent members or partners are citizens. *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990). William H. Andreson was a partner in Andreson Lands and a citizen of Arizona at the time of his death.

Defendant Andreson Lands shares Arizona citizenship in common with the Plaintiffs and diversity jurisdiction does not exist if both are properly joined parties. Recognizing this, Defendants Joseph A. Hambright and Wilbur Andreson argue that the citizenship of Andreson Lands should be ignored because it is only a party as a result of a fraudulent or collusive joinder.

A court may ignore the presence of a non-diverse defendant if that defendant has been fraudulently or improperly joined. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "Joinder is fraudulent '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). The removing party bears the heavy burden of proof, and "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Id.* at 1044 (quoting *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007)). A court need only make a summary inquiry to "identify the presence of discrete and undisputed

facts" and the inability to make a decision in a summary manner may indicate that the removing party has not met its burden. *Id.*

The issue here is whether the Defendants have carried their burden to show that the Plaintiffs failed to state a cause of action against Andreson Lands and that the failure is obvious based on settled law. There are two causes of action that are alleged to involve Andreson Lands. First, the Plaintiffs argue that the relief sought in count one, a declaratory judgment or the dissolution of Andreson Lands, requires the joinder of Andreson Lands. Defendants argue that a court could order the dissolution of Andreson Lands without the joinder of Andreson Lands because all of its partners are parties, but Plaintiffs presented evidence that there are two other limited partners who are not joined.

The second cause of action at issue, count three of the Petition for Declaratory Judgment, alleges a Breach of Contract. Plaintiffs allege that Defendant Hambright breached the Partnership Agreement when he caused a manager to cease making distributions to Plaintiffs and ignored Plaintiffs' requests for information about the Partnership and its books and records. (Doc. 1-1 at 11.) Plaintiffs further allege that Defendant Hambright did so both on his own behalf and on behalf of both Defendant Wilbur Andreson and Defendant Andreson Lands. (*Id.*)

Defendants repeatedly characterize this alleged conduct as being solely the misconduct of one individual partner and not as conduct involving the business of Andreson Lands. In fact, that one individual partner is alleged to be the managing partner and his alleged misconduct was ordering the farm operations manager to cease disbursements to the Plaintiffs and not allowing anyone from Andreson Lands to respond to the Plaintiffs' requests for access to its books and records. The disbursement of profits from Andreson Lands to its partners and denial of access to its books appears to be a part of the business of Andreson Lands.

Defendants have not met their burden to show that the causes of action against Andreson Lands will obviously fail as a matter of settled law. It is clear from a summary inquiry into the facts of this case that the Plaintiffs stopped receiving payments from

Andreson Lands and were not granted access to its books or records. Defendants argue that it was the managing partner, Defendant Hambright, and not Andreson Lands that committed these acts, but they have not shown that such a conclusion is obvious. The parties disagree about whether agency law or partnership law should govern the attribution of Defendant Hambright's conduct to Andreson Lands.

This Court does not need to resolve the question of applicable law or whether Hambright's conduct was his own or on behalf of Andreson Lands. Similarly, this Court does not need to determine whether a court could order the dissolution of Andreson Lands if it was not a party. The strong presumption against removal jurisdiction and the doubts raised by the issues just discussed is sufficient to show that Defendants have not met their burden to demonstrate that Andreson Lands was improperly joined.

This matter was improperly removed to this Court because there is not complete diversity between Plaintiffs and Defendant Andreson Lands. The remand is granted on that basis and Plaintiffs' other grounds for granting remand are therefore moot.

## II.    Costs and Fees

In the event that their motion is granted, Plaintiffs request an award of costs and expenses, including attorney's fees. Under 28 U.S.C. § 1447(c), a court may award attorneys' fees and costs against the party who sought improper removal. The decision to award costs is within the discretion of the trial court, and the Supreme Court held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *In Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Plaintiffs argue "there was no objectively reasonable basis for the removal" because the lack of diversity was evident at the time of filing for removal. (Doc. 8 at 12.) Although ultimately unsuccessful, the Defendants' arguments were objectively reasonable and the Court declines to award costs and fees in this matter.

**IT IS HEREBY ORDERED** that Plaintiffs Motion to Remand to State Probate Court (Doc. 8) is **granted**.

1    **IT IS FURTHER ORDERED** directing the Clerk of Court to **remand** back to
2 the Pinal County Superior Court.
3    Dated this 3rd day of December, 2013.

_____
G. Murray Snow
United States District Judge